# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MELVIN JORDAN, III,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C15-0105-LRR<br>No. CR08-0010-LRR<br><br>ORDER REGARDING<br>28 U.S.C. § 2255 MOTION |

## *I. INTRODUCTION*

This matter appears before the court on the movant's second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1), which he obtained authorization to file. The movant filed such motion on September 29, 2015. In his second § 2255 motion, the movant claims that he is entitled to relief under the recent United States Supreme Court decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). The government disputes that the movant is entitled to relief under 28 U.S.C. § 2255.

## *II. FACTS*

On March 12, 2008, the movant pleaded guilty to being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) & 924(e)(1). The court ordered a pre-sentence report to be prepared. The parties entered into a post-plea agreement (criminal docket nos. 46-5 & 53-3). The parties filed sentencing memoranda (criminal docket nos. 46 & 47), which included relevant state court documents concerning the movant's prior convictions. On September 3, 2008, the court calculated a sentencing guidelines range of 188 to 235 months imprisonment based on a total adjusted offense level of 31 and a

criminal history category VI and sentenced the movant to a term of 169 months imprisonment, which was the high end of the new range after departing downward from the high end of the applicable sentencing guidelines range. Subsequently, the court relied on Federal Rule of Criminal Procedure 35(b) to reduce the movant's sentence to 109 months imprisonment.[1]

### III. LEGAL STANDARD

A prisoner in custody under sentence of a federal court is able to move the sentencing court to vacate, set aside or correct a sentence. *See* 28 U.S.C. § 2255(a). To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) "[that the judgment or sentence] is otherwise subject to collateral attack." *Id.*; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962) (listing four grounds upon which relief under 28 U.S.C. § 2255 may be claimed); *Watson*, 493 F.3d at 963 (same); *Lee v. United States*, 501 F.2d 494, 499-500 (8th Cir. 1974) (clarifying that subject matter jurisdiction exists over enumerated grounds within the statute); Rule 1 of the Rules Governing Section 2255 Proceedings (specifying scope of 28 U.S.C. § 2255). If any one of the four grounds is established, the court is required "to vacate and set aside the judgment and [it is required to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

---

[1] The court notes that the movant's sentence is below 120 months imprisonment, and a sentence is illegal for purposes of 28 U.S.C. § 2255 if it was "imposed without, or in excess of, statutory authority." *Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc). Relief under 28 U.S.C. § 2255 is inappropriate where the same sentence "could be reimposed were [the movant] granted the § 2255 relief he requests." *Olten v. United States*, 565 F. App'x 558, 561 (8th Cir. 2014), *cert. denied*, ___ U.S. ___, 135 S. Ct. 1893 (2015). Hence, the court finds that relief is unavailable because the movant is not serving an illegal sentence.

When enacting 28 U.S.C. § 2255, Congress "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear*, 644 F.3d at 704 (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)) (internal quotation mark omitted). Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Rather, 28 U.S.C. § 2255 is intended to redress constitutional and jurisdictional errors and, apart from those errors, only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also Sun Bear*, 644 F.3d at 704 (clarifying that the scope of 28 U.S.C. § 2255 is severely limited and quoting *Hill*, 368 U.S. at 428); *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) (making clear that a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (quoting *Addonizio*, 442 U.S. at 184).

## IV. ANALYSIS

The parties dispute whether the movant has enough prior qualifying convictions to be subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). The movant argues that his three prior Iowa burglary convictions do not qualify as predicate felonies and, therefore, his sentence exceeds the non-ACCA statutory maximum. The government argues that relief is not available under 28 U.S.C. § 2255 because the movant failed to establish that the court relied on the residual clause

and it does not matter that, if sentenced today, the movant would no longer be subject to the enhanced ACCA statutory range of punishment because *Descamps* and *Mathis* do not provide an independent constitutional basis for attacking the movant's sentence.

Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if the defendant has three or more previous convictions for a "violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). These definitions of "violent felony" fall into three respective categories: (1) the elements clause; (2) the enumerated-crimes clause; and (3) and the residual clause.

In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause; the Supreme Court held that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to the defendant and invites arbitrary enforcement by judges." ___ U.S. at ___, 135 S. Ct. at 2557. Shortly after invalidating the residual clause, the Supreme Court concluded in *Welch v. United States* that *Johnson* announced a substantive rule that applied retroactively on collateral review. ___ U.S. ___, ___, 136 S. Ct. 1257, 1265 (2016). Hence, under *Johnson* and *Welch*, a prior conviction may not be used as a predicate ACCA offense if it falls under 18 U.S.C. § 924(e)(2)(B)'s invalidated residual clause.

The Supreme Court, however, clarified that the ACCA's other two clauses, namely, the elements clause and the enumerated-crimes clause, remain viable. *See Johnson*, ___ U.S. at ___, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony."); *accord United States v. Sykes*, 844 F.3d 712, 716 (8th

Cir. 2016). Thus, application of *Johnson* and *Welch* negates the use of a felony unless it qualifies as an ACCA predicate without relying on the residual clause. "[E]ven if a defendant's prior conviction was counted under the residual clause, courts can now consider whether that conviction counted under another clause of the ACCA." In re *Moore*, 830 F.3d 1268, 1271 (11th Cir. 2016) (citing *Welch*, ___ U.S. at ___, 136 S. Ct. at 1268). The movant must prove that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence. *See id*. at 1273; *see also Stanley v. United States*, 827 F.3d 562, 566 (7th Cir. 2016) (stating that a "proponent of collateral review" must "produce evidence demonstrating entitlement to relief"); In re *Cooks*, No. 16-14444-J, 2016 U.S. App. LEXIS 23767, *8 n.2, (11th Cir. Aug. 9, 2016) (emphasizing that burden is on movant); *Holloway v. United States*, 960 F.2d 1348, 1355 (8th Cir. 1992) (citing *Kress v. United States*, 411 F.2d 16, 20-21 (8th Cir. 1969), for the proposition that the burden of proof is on petitioner in § 2255 proceeding); *Day v. United States*, 428 F.2d 1193, 1196 (8th Cir. 1970) (providing that petitioner bears burden of proof on each ground asserted in § 2255 motion); *Taylor v. United States*, 229 F.2d 826, 832 (8th Cir. 1956) ("Because the statutory proceeding is a collateral attack upon the judgment of conviction, the burden is on the [movant] to establish a basis for relief under some one or more of the grounds set forth in [§ 2255]."). If the court cannot tell whether, at sentencing, the movant's prior convictions qualified pursuant to the residual clause, which would render his sentence subject to being challenged under *Johnson*, or whether they qualified pursuant to the elements clause or the enumerated-crimes clause, which would not render his sentence subject to being challenged under *Johnson*, the court must deny relief under 28 U.S.C. § 2255. *See* In re *Moore*, 830 F.3d at 1273; *accord* In re *Hires*, 825 F.3d 1297, 1303 (11th Cir. 2016). So, if, at the time of sentencing, the movant's burglary convictions qualified as a violent felonies under the enumerated-crimes clause (even if it also qualified under the residual clause), the resulting sentence is not subject to attack. *See* In re *Hires*, 825 F.3d at 1303; *accord United States v. Gabrio*, No.

01-CR-165, 2017 U.S. Dist. LEXIS 122242, at *9 (D. Minn. Aug. 2, 2017); *Traxler v. United States*, No. 16-CV-747, 2016 U.S. Dist. LEXIS 117119 (W.D. Mich. Aug. 31, 2016); *Ziglar v. United States*, No. 16-CV-463, 2016 U.S. Dist. LEXIS 105955 (M.D. Ala. Aug. 11, 2016). It makes no difference whether the movant's burglary convictions would count as a predicate if the court sentenced the movant today. *See* In re *Hires*, 825 F.3d at 1303 (explaining that "*Johnson* does not serve as a portal to assert a *Descamps* claim"); *see also United States v. Taylor*, 672 F. App'x 860, 861-64 (10th Cir. 2016) (determining that *Johnson* did not impact sentence imposed because prior burglary convictions qualified under enumerated-crimes clause and *Mathis* did not announce a new rule that is retroactively applicable to cases on collateral review).[2] *But see United States*

---

[2] The court notes that the Eighth Circuit Court of Appeals has not directly addressed the relationship between *Johnson* and *Descamps* and/or *Mathis* with respect to an initial § 2255 motion. It, however, has addressed *Mathis* in the context of authorizing a second or successive § 2255 motion. *See, e.g.*, *Davis v. United States*, No. 16-2293, Eighth Circuit Entry ID 4518847 (8th Cir. Mar. 31, 2017) (unpublished) ("At the time of Davis's sentencing [on April 16, 2010], it was settled in the Eighth Circuit that third-degree burglary in Iowa was a generic burglary and thus a violent felony under the enumerated-offenses clause of 18 U.S.C. § 924(e). *United States v. Stevens*, 149 F.3d 747, 749 (8th Cir. 1998); *United States v. Austin*, 915 F.2d 363, 368 (8th Cir. 1990). *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), addressed only the residual clause of § 924(e). Davis's claim that his sentence should have not been enhanced based on the enumerated-offenses clause does not rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h), 2244(b)(2). *Mathis v. United States*, 136 S. Ct. 2243 (2016), did not announce a new rule of constitutional law."); *Howard v. United States*, No. 16-2335, Eighth Circuit Entry ID 4432899 (8th Cir. Aug. 2, 2016) (unpublished) ("The record available to this court for expedited consideration does not show clearly whether the sentencing court found that movant was an armed career criminal based on the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) or based on the enumerated clause of that section. If movant was sentenced based on the residual clause, then the new rule of constitutional law announced in *Johnson* and made retroactive by *Welch v. United States*, 136 S. Ct. 1257 (2016), supports a second or successive motion. If movant was sentenced based on the enumerated clause, then the decision in *Mathis v.*
(continued…)

*v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) (holding that, "when an inmate's sentence may have been predicated on application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in [*Johnson*], the inmate has shown that he 'relies on' a new rule of constitutional law within the meaning of 28 U.S.C. § 2244(b)(2)(A).").

The movant's sentence is not called into question by *Johnson* because the court did not need to rely on the residual clause when it determined that the movant qualified as an armed career criminal. Rather, the court could have relied on the enumerated-crimes clause because it includes the specific crime of burglary and the elements clause because

---

[2](…continued)
*United States*, 136 S. Ct. 2243 (2016), does not support a second or successive motion, because *Mathis* did not announce a new rule of constitutional law."); *Jordan v. United States*, No. 16-2507, Eighth Circuit Entry ID 4432940 (8th Cir. Aug. 2, 2016) (unpublished) (same); *Luker v. United States*, No. 16-2311, Eighth Circuit Entry ID 4433198 (8th Cir. Aug. 2, 2016) (unpublished) (same); *Zoch v. United States*, No. 16-2289, Eighth Circuit Entry ID 4432889 (8th Cir. Aug. 2, 2016) (unpublished) (same); *Sutton v. United States*, No. 16-2278, Eighth Circuit Entry ID 4415705 (8th Cir. June 22, 2016) (unpublished) (concluding that authorization to file a second or successive motion for relief under § 2255 should be denied where petitioner asserted that, under the Supreme Court's decision in *Johnson* and its expected decision in *Mathis*, his prior Missouri conviction for Second Degree Burglary under Mo. Rev. Stat. § 569.170 could no longer qualify as a valid predicate offense to support the enhancement of his sentence as an armed career criminal and government asserted that petitioner was simply attempting to invoke *Johnson* in an effort to resuscitate his previously-rejected claim under *Descamps*); *Bradley v. United States*, No. 16-1528, Eighth Circuit Entry ID 4415661 (8th Cir. June 21, 2016) (unpublished) (concluding that authorization to file a second or successive motion for relief under § 2255 should be denied where petitioner asserted that his Illinois armed robbery conviction, Illinois attempted armed robbery conviction and Illinois robbery conviction did not constitute predicate felonies and, under the Supreme Court's decision in *Johnson* and its expected decision in *Mathis*, his prior Iowa third degree burglary conviction could no longer qualify as a valid predicate offense to support the enhancement of his sentence as an armed career criminal). Hence, the Eighth Circuit Court of Appeals' approach appears to be consistent with the notion that the holdings in *Descamps* and/or *Mathis* are unrelated to the holding in *Johnson*.

it addresses robbery. Indeed, although the court did not expressly state how the convictions qualified as predicate felonies, it is apparent that the court determined that the movant qualified as an armed career criminal because each of his burglary convictions—one in 1986 and two in 1993—qualified as an enumerated offense, that is, a "violent felony," 18 U.S.C. § 924(e)(2)(B)(ii); *see also* PSR (criminal docket no. 55) at ¶¶ 41, 50, 62 & 68, and his robbery conviction qualified as a "violent felony" under the elements clause, *see* 18 U.S.C. § 924(e)(2)(B)(i); *see also* PSR (criminal docket no. 55) at ¶¶ 41 & 56. Regarding each enumerated offense, the undisputed facts in the movant's pre-sentence report indicate that: (1) the movant committed second degree burglary under Iowa law by burglarizing a business; (2) the movant committed third degree burglary under Iowa law by burglarizing a business; and (3) the movant committed second degree burglary under Iowa law by burglarizing a residence. *See* PSR (criminal docket no. 55) at ¶¶ 50, 62 & 68.[3] Concerning the movant's Iowa first degree robbery conviction, the undisputed

---

[3] In this collateral proceeding, the court finds that it is proper to consider the unobjected-to portions of the pre-sentence report. *Cf.* Fed. R. Crim. P. 32(i)(3) (stating that a court "may accept any undisputed portion of the presentence report as a finding of fact"); *United States v. Garcia-Longoria*, 819 F.3d 1063, 1067 (8th Cir. 2016) (finding that, because the pre-sentence report described prior offense conduct without stating its sources, the failure to object to conduct described in the pre-sentence report relieved the government of its obligation to introduce at sentencing the documentary evidence *Taylor* or *Shepard* requires); *United States v. Shockley*, 816 F.3d 1058, 1063 (8th Cir. 2016) (explaining that sentencing courts may not look to factual assertions within federal pre-sentence reports—even if the defendant failed to object to the reports—where the pre-sentence report indicates that the source of the information in the reports might have been from a non-judicial source); *United States v. Reliford*, 471 F.3d 913, 916 (8th Cir. 2006) ("[I]f the defendant fails to object to fact statements in the presentence investigation report (PSR) establishing that a prior offense was a violent felony conviction, the government need not introduce at sentencing the documentary evidence that *Taylor* and *Shepard* otherwise require."); *United States v. Bell*, 445 F.3d 1086, 1090 (8th Cir. 2006) (concluding that court properly considered fact recital that defendant did not contest); *United States v. Paz*, 411 F.3d 906, 909 (8th Cir. 2005) (explaining that facts in pre-sentence report are deemed admitted unless the defendant objects to those facts); *United*

(continued…)

facts indicate that, while wearing clown masks, the movant and an accomplice robbed a bartender while armed with a sawed-off shotgun. *Id*. at ¶ 56.

At the time of the movant's sentencing in 2008, legal authority would have supported the court's use of the modified categorical approach to assess whether the movant's Iowa burglary convictions were violent felonies under the ACCA's enumerated-crimes clause.[4] Moreover, the record, which includes the undisputed facts in

---

[3](…continued)
*States v. Rodamaker*, 56 F.3d 898, 902 (8th Cir. 1995) (stating that it is permissible to rely on unobjected-to facts in the pre-sentence report); *see also United States v. Chapman*, No. 16-1810, 2017 WL 3319287 (3d Cir. Aug. 4, 2017) (Jordan, J., concurring) (observing that the categorical approach impedes uniformity, interferes with the ability of courts to ensure that repeat, violent offenders receive the most severe sentences, requires judges to feign amnesia and leads to unusual questions of statutory interpretation). It is clear that the dimensions of the issues addressed during a criminal trial or change of plea and during a sentencing hearing are fundamentally different. Indeed, a sentencing hearing is not undertaken to convict a defendant for the alleged violation, and, therefore, it does not give rise to the full panoply of rights that are due a defendant at a trial or during a change of plea. Similarly, it is clear that the dimensions of issues addressed during collateral proceedings are fundamentally different. Having considered well-established precedent that emphasizes finality, well-established precedent that reiterates the limited scope of relief under § 2255 and the likelihood of disparate treatment among individuals seeking collateral relief based on variables such as the number of offenses charged and convicted of, the litigation strategies previously pursued or the course chosen at the trial and appellate level and the availability of initial or subsequent collateral review, the court declines to adopt an expansive view of the law or proceed with eyes shut when conducting an ACCA analysis at this stage.

[4] The court notes that, when addressing whether a defendant qualified as an armed career criminal, the court considered whether burglary fell under the enumerated clause. *See, e.g.*, *United States v. Goldworth*, Case # 1:04-cr-00070-LRR (N.D. Iowa 2006) (explaining in sentencing memorandum dated June 8, 2006 that 1979 Iowa conviction for second degree burglary, 1984 Iowa conviction for second degree burglary and 2001 Iowa conviction for third degree burglary qualified as three predicate violent felonies under 18 U.S.C. § 924(e)(2)(B)(ii), *Taylor* and *Shepard*); *United States v. Griffith*, Case # 1:01-cr-00004-LRR (N.D. Iowa 2001) (agreeing that burglaries qualified as predicate violent
(continued…)

the pre-sentence report, indicates that all of the movant's burglaries qualified as violent felonies under the enumerated-crimes clause. Because the movant's burglary convictions qualified as a violent felonies under the still-valid enumerated-crimes clause of the ACCA, it necessarily follows that the movant failed to demonstrate that his ACCA sentence is no longer valid in light of *Johnson*.

In sum, three of the offenses at issue here—burglary—are enumerated offenses, and, as such, they are unaffected by *Johnson*. *See, e.g.*, In re *Thomas*, 823 F.3d 1345, 1348-49 (11th Cir. 2016) (concluding that collateral review based on *Descamps* was unavailable and enhancement under the ACCA did not turn on the validity of the residual clause because conviction for breaking and entering qualified as generic burglary under the enumerated

---

[4](…continued)
felonies under 18 U.S.C. § 924(e)(2)(B)(ii)). Such approach is consistent with the Eighth Circuit Court of Appeals' assertion that, as of April of 2010, "it was settled in the Eighth Circuit that third-degree burglary in Iowa was a generic burglary and thus a violent felony under the enumerated-offenses clause of 18 U.S.C. § 924(e)." *Davis*, No. 16-2293, Eighth Circuit Entry ID 4518847 (citing *Stevens*, 149 F.3d at 749, and *Austin*, 915 F.2d at 368); *see also United States v. Voshell*, No. 96-2943, 1997 U.S. App. LEXIS 29 (8th Cir. Jan. 3, 1997) (per curiam) (concluding that a 1984 Iowa conviction for second degree burglary qualified as a violent felony because the state charging paper and judgment indicate that he pleaded guilty to a charge meeting *Taylor*'s generic definition of burglary); *United States v. Zoch*, Case # 5:11-cr-04031-LTS (N.D. Iowa 2012) (admitting trial information, plea agreement and judgment before deciding defendant qualified as an armed career criminal under the applicable law); *United States v. Jordan*, Case # 1:08-cr-00010-LRR (N.D. Iowa 2008) (considering post-plea agreement and permissible state court documents concerning prior predicates for purposes of the ACCA). Even when referring to the residual clause in the context of USSG §4B1.2, the Eighth Circuit Court of Appeals hinged its holding in part on the generic definition of burglary in *Taylor*. *See United States v. Mohr*, 407 F.3d 898, 901-02 (8th Cir. 2005); *Stevens*, 149 F.3d at 749; *United States v. Hascall*, 76 F.3d 902, 904-06 (8th Cir. 1996); *United States v. Carpenter*, 11 F.3d 788, 791 (8th Cir. 1993). Further, nothing significantly undermined a court's ability to rely on burglary as an enumerated offense for purposes of the ACCA until the Supreme Court decided *Mathis*, which held that, "[b]ecause the elements of Iowa's burglary law are broader than those of generic burglary, Mathis's convictions under that law cannot give rise to an ACCA sentence." ___ U.S. at ___, 136 S. Ct. at 2257.

10

offenses clause); *Gabrio*, 2017 U.S. Dist. LEXIS 122242, at *9 ("Because [movant] had at least three prior violent-felony convictions that would have qualified him for the ACCA enhancement even in the absence of *Johnson*, he is not "rais[ing] a claim based on a right newly recognized by the Supreme Court and made retroactively applicable on collateral review." (quoting *United States v. Sonczalla*, No. 07-CR-187, 2016 U.S. Dist. LEXIS 123522, 2016 WL 4771064, at *2 (D. Minn. Sept. 12, 2016)) (second alteration in original)); *United States v. Holt*, No. 15-CV-11891, 2016 U.S. Dist. LEXIS 48063, at *9 (N.D. Ill. April 11, 2016) (concluding that Illinois burglary conviction constituted an enumerated offense because it aligned with generic burglary as defined by the Supreme Court in *Taylor*), *aff'd*, 843 F.3d 720 (7th Cir. 2016). Further, one offense—robbery—falls under the elements clause, and, consequently, it is unaffected by *Johnson*.[5] The movant's sentence remains valid because the movant failed to demonstrate that his Iowa burglary convictions did not qualify as violent felonies under the enumerated-crimes clause and the court only relied on the residual clause. It matters not that, if the court sentenced the movant today, *Mathis* would dictate a different sentence because the movant is unable to apply rules of statutory construction that were not in effect at the time he was sentenced. *See Gabrio*, 2017 U.S. Dist. LEXIS 122242, at *10 (citing *United States v. Moreno*, No. 11-CR-178, 2017 U.S. Dist. LEXIS 29769, at *4 (D. Minn. Mar. 1, 2017)). Clearly, *Mathis* is the only mechanism through which to collaterally attack the

---

[5] Regarding the movant's Iowa first degree robbery conviction, Iowa Code section 711.2 states that "[a] person commits robbery in the first degree when, while perpetrating a robbery, the person purposely inflicts or attempts to inflict serious injury, or is armed with a dangerous weapon." *Cf. Golinveaux v. United States*, Case # 6:16-cv-02032-LRR (N.D. Iowa 2017) (holding that Iowa second degree robbery under Iowa Code sections 711.1(1), 711.3, 708.1(1) and 708.1(3) constitutes a "violent felony" for purposes of the ACCA); *United States v. Jones*, 2016 U.S. Dist. LEXIS 104736 (D. Minn. August 8, 2016) (determining that documents submitted to employ modified categorical approach did not permit a finding that Iowa first degree robbery conviction could serve as an ACCA predicate offense).

movant's armed career criminal designation, but relief is properly based only on *Johnson* because *Mathis* did not announce a new rule that is retroactively applicable to cases on collateral review.

## V. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition

12

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claim that he raised in his motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his motion pursuant to 28 U.S.C. § 2255, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## VI. CONCLUSION

For the reasons discussed above, the movant's sentence is not subject to being challenged under *Johnson*. Accordingly, the movant's second motion under 28 U.S.C. § 2255 is denied. Additionally, a certificate of appealability will not issue. The movant's motion to hold case in abeyance (civil docket no. 3) is denied as moot.

**IT IS SO ORDERED**.

**DATED** this 15th day of September, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA